UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| VINCENT VILLANO,<br><br>                Plaintiff,<br>    v.<br><br>STATE COLLECTION SERVICE INC.,<br><br>                Defendant. | CASE NO. 3:22-cv-05998-DGE<br><br>ORDER DENYING MOTION TO REMAND (DKT. NO. 2) |

## I      INTRODUCTION

This matter comes before the Court on Plaintiff's Motion to Remand. (Dkt. No. 2.) Having reviewed the record and the parties' briefing, the Court DENIES the Motion.[1]

## II      PROCEDURAL POSTURE

Plaintiff served Defendant with an unfiled summons and complaint via counsel on June 16, 2022. (Dkt. Nos. 2-2 at 1; 2 at 2.) He later filed that complaint in Spokane County Superior

---

[1] Plaintiff's Motion to Re-Note the Motion to Remand (Dkt. No. 6), although now technically moot, is GRANTED, and the Court considered all relevant briefings as timely in the instant Motion.

ORDER DENYING MOTION TO REMAND (DKT. NO. 2) - 1

Court. (Dkt. No. 2 at 2.) On December 8, 2022, Plaintiff voluntarily dismissed that action without prejudice and sent notice of the dismissal to Defendant. (Dkt. Nos. 2-4; 2 at 2.) Plaintiff then refiled an identical action in Pierce County Superior Court ("Pierce County Action") on December 14, 2022. (Dkt. No. 11-2.) He served Defendant via counsel that same day. (*Id*.)

Defendant removed the Pierce County Action to this Court on December 22, 2022—eight days after Plaintiff served him. (Dkt. No. 1.) Excepting formatting changes, the Spokane County complaint and the Pierce County complaint appear identical. (*Compare* Dkt. Nos. 2-1 at 4–23 *with* 6 at 6–25.) Plaintiff now moves to remand the action to Pierce County, alleging Defendant's removal was untimely because it had notice of the claims since June 2022.

### III    DISCUSSION

28 U.S.C. § 1446(b) governs the filing of a notice of removal of a state court action. It states:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).

At issue is when does the removal period begin to run under 28 U.S.C. § 1446(b) when: (1) a complaint is served on a defendant, (2) then filed in state court in one county, (3) then voluntarily dismissed, and (4) then refiled in state court in a different county and served again on a defendant along with a new summons. Plaintiff claims that because the Ninth Circuit has not ruled on this exact issue, the timeliness of Defendant's removal "creates doubt" and must be remanded. (Dkt. No. 12 at 3.)

ORDER DENYING MOTION TO REMAND (DKT. NO. 2) - 2

However, a voluntary dismissal without prejudice Federal Rule of Civil Procedure 41(a) "'leaves the situation as if the action never had been filed.'" *City of South Pasedena v. Mineta*, 284 F.3d 1154, 1157 (9th Cir. 2002) (quoting 9 C. Wright & A. Miller, Federal Practice and Procedure § 2367, at 321 (2d ed. 1995)). In *Cadkin v. Loose*, plaintiffs waived a copyright claim and then voluntarily dismissed suit. 569 F.3d 1142, 1149 (9th Cir. 2009). After plaintiffs refiled and asserted the previously waived claim, the Ninth Circuit allowed it, noting that "waiver in one lawsuit does not carry over to a subsequent lawsuit following a voluntary dismissal without prejudice under Rule 41(a)." *Id.*; *see also Humphreys v. United States*, 272 F.2d 411, 412 (9th Cir. 1959) ("[A] suit dismissed without prejudice pursuant to Rule 41(a)(2) leaves the situation the same as if the suit had never been brought in the first place.").[2]

Here, although Defendant waived removal in the first action, because Plaintiff voluntarily dismissed that action and then refiled in Pierce County, he created an entirely new lawsuit, subject to Defendant's fresh assertion of previously waived rights, including removal. Upon filing and serving a new summons and complaint, the clock for removal reset under 28 U.S.C. § 1446(b). A new action was filed on December 8, 2022 and within 30 days, Defendant exercised its right to removal. Thus, removal was proper and Plaintiff's motion to remand is DENIED.

Dated this 20th day of March, 2023.

David G. Estudillo
United States District Judge

---

[2] Dismissals under Rule 41(a)(1) and Rule 41(a)(2) have the same effect. *See Concha v. London*, 62 F.3d 1493, 1506-1507 (9th Cir. 1995). The Court is unaware of any reason why a voluntary dismissal without prejudice in a state court action should be treated differently than a voluntary dismissal without prejudice under the Federal Rules of Civil Procedure.